IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| **GLENN SCOTT YOW,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:11CV678 |
| | ) | |
| **ALVIN W. KELLER** | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, has submitted a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody, together with an application to proceed *in forma pauperis* and the $5.00 filing fee. For the following reasons, the Petition cannot be further processed.

1. Petitioner indicates that state court remedies have not been exhausted as is required by 28 U.S.C. § 2254(b) in order for the Court to consider granting relief as to his claims. This is Petitioner's fifth habeas petition in as many months. All four prior petitions have been dismissed without prejudice based, at least in part, on Petitioner's failure to exhaust his state court remedies. He has been instructed that he must exhaust his state court remedies by pursuing post-conviction relief, but continues to file petitions reporting that he has not done so. The Court cannot grant relief on such a petition. In the current Petition, Petitioner continues to indicate that he did not exhaust his remedies as to the claims he raises. (Docket Entry 2, §§ 9-12.) Nevertheless, he attaches a copy of a recent state court order denying a motion for appropriate relief filed by Petitioner. This may have been an attempt at exhaustion. Unfortunately, it is not clear whether Petitioner raised the claims from his current Habeas Petition in the motion for appropriate relief. It is also not clear whether Petitioner took the other required step toward exhaustion by seeking a writ of certiorari from the North Carolina Court of Appeals to review the denial of the motion for appropriate relief. His statements in the Petition tend

to indicate that he did not and none of his attachments show otherwise. Petitioner must either exhaust his claims if he has not done so or inform the Court of the exhaustion if he has exhausted his claims by raising them in the motion for appropriate relief and seeking certiorari review. As Petitioner has been told previously, continuing to file unexhausted petitions will only delay his case and waste both his and the Court's resources. They cannot result in any relief for him.

Because of this pleading failure, the Petition should be filed and then dismissed, without prejudice to Petitioner filing a new petition on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, once he has exhausted his state court remedies. The Court has no authority to toll the statute of limitation, therefore it continues to run, and Petitioner must act quickly if he wishes to pursue this petition. *See Spencer v. Sutton*, 239 F.3d 626 (4th Cir. 2001). To further aid Petitioner, the Clerk is instructed return Petitioner's filing fee and to send Petitioner a new application to proceed *in forma pauperis*, new § 2254 forms, and instructions for filing a § 2254 petition, which Petitioner should follow after he has exhausted his state court remedies.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed return Petitioner's $5.00 filing fee and to send Petitioner § 2254 forms, instructions, and a current application to proceed *in forma pauperis*.

**IT IS RECOMMENDED** that this action be filed, but then dismissed *sua sponte* without prejudice to Petitioner filing a new petition after he has exhausted his state court remedies.

                                                /s/ L. Patrick Auld
                                                  **L. Patrick Auld**
                                      **United States Magistrate Judge**

September 1, 2011